B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Cathy L. Scarver, Chapter 7 Trustee | **DEFENDANTS**<br>Silverline Services Inc. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Lamberth, Cifelli, Ellis & Nason, P.A., 1117 Perimeter Center West, Suite W212, Atlanta, GA 30338<br>Phone: (404) 262-7373 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION. INCLUDING ALL U.S. STATUTES INVOLVED)
Trustee seeks to determine the validity, priority, or extent of liens of Silverline Services Inc. in and to property of the estate, and to avoid certain transfers of property of the estate pursuant to 11 U.S.C. Section 544, recover the same from Silverline pursuant to 11 U.S.C. Section 550, and preserve the avoided transfers for the benefit of the bankruptcy estate pursuant to 11 U.S.C. Section 551.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☑ [2] 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☑ [1] 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Wastetech, LLC, f/k/a NTC Waste Group | | BANKRUPTCY CASE NO.<br>18-52501 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Georgia | | DIVISION OFFICE<br>Atlanta | NAME OF JUDGE<br>Judge Paul Baisier |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>  /s/ J. Michael Lamberth | | | |
| DATE<br><br>  April 9, 2018 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>  J. Michael Lamberth | |

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| WASTETECH, LLC, f/k/a NTC WASTE GROUP, | : | CASE NO. 18-52501-PMB |
| | : | |
| Debtor. | : | |
| | : | |
| CATHY L. SCARVER, Chapter 7 Trustee, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | ADVERSARY PROCEEDING NO. _____ |
| | : | |
| SILVERLINE SERVICES INC., | : | |
| | : | |
| Defendant. | : | |

**TRUSTEE'S COMPLAINT TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF LIENS AND FOR AVOIDANCE**

COMES NOW Cathy L. Scarver, Chapter 7 Trustee (the "**Plaintiff**" or "**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Wastetech, LLC, f/k/a NTC Waste Group ("**Wastetech**" or the "**Debtor**"), and for her Complaint to Determine Validity, Priority, or Extent of Liens and for Avoidance, shows the Court as follows:

**Jurisdiction and Venue**

1.   This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334(b) of the subject matter of this adversary proceeding.

2.   This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), or (O).

510542

3. The venue of this adversary proceeding is proper in this Court under 28 U.S.C. § 1409(a).

4. The Trustee consents to the entry of final orders and judgments by this Court.

### The Parties

5. The Plaintiff is the duly authorized and acting trustee in the Chapter 7 bankruptcy case Wastetech, LLC f/k/a NTC Waste Group, Case No. 18-52501-PMB (the "**Bankruptcy Case**"). The Debtor commenced its Bankruptcy Case by filing a voluntary petition on February 13, 2018 (the "**Petition Date**").

6. The section 341 meeting of creditors in the Bankruptcy Case was held and concluded on March 13, 2018.

7. Wastetech is a limited liability company formed under the laws of Georgia in July 2016. The initial name of the Debtor was NTC Waste Group, LLC. Under a filing with the Secretary of State of Georgia on July 7, 2017, the Debtor changed its name to Wastetech LLC. The Articles of Amendment of Articles of Organization (dated July 1, 2017) effecting the name change of the Debtor to Wastetech LLC evidence the signature of Rebecca Griffin as Manager of the Debtor. The Trustee attaches as Exhibit "A" a true and correct copy of the filing with the Georgia Secretary of State that evidences the name change of the Debtor from NTC Waste Group, LLC to Wastetech LLC.

8. Defendant Silverline Services, Inc. ("**Defendant**" or "**Silverline**") is a business corporation organized under the laws of the State of New York. Silverline is subject to the jurisdiction of this Court and may be served in accordance with Fed. R. Bankr. P. 7004.

9. The filing by Silverline with the New York Department of State, Division of Corporations, evidences that Silverline is a domestic business corporation under the laws of the State of New York. The Plaintiff attaches as Exhibit "B" a true and correct copy of the database information from the Department of State, Division of Corporations, State of New York regarding Silverline as of April 6, 2018.

## Background

10. In the course of investigation of the financial affairs and assets of the Bankruptcy Estate, the Trustee identified a UCC Financing Statement (the "**Financing Statement**") filed on behalf of Silverline Services, as a secured party. The debtor identified on the Financing Statement was NTC Waste Group, LLC. This Financing Statement was filed with the Clerk of the Superior Court of Coweta County on November 14, 2017, File Number 038-2017-017749. The Trustee attaches as Exhibit "C" a true and correct copy of the Financing Statement.

11. The Financing Statement described the collateral as follows: "Certain future receivables sold by said business seller and purchased by Crown Funding Group Inc., as buyer, pursuant to that certain purchase and sale of future receivables agreement between seller and purchaser dated 8/7/2017 (the 'agreement')." The collateral described in the Financing Statement is property of the Bankruptcy Estate. The Trustee will reference the property described as collateral in the Financing Statement as the "**Property**."

12. The Debtor scheduled Silverline under the name of Silver Line Services, Inc. as a creditor owed $1,600,000.00 and as secured by a 2008 Mack GU800 and three properties owned by RBMH Holdings [Docket Entry 1, Page 16 of 50]. The Debtor did not schedule Silverline as

3

510542

secured by accounts of the Debtor or other property of the Bankruptcy Estate except as referenced in the preceding sentence.

13. In the course of carrying out her obligations, the Trustee made inquiry with Rebecca Griffin about whether Silverline obtained a grant by the Debtor of a security interest in accounts or other property of the Debtor. The Trustee also made request for documentation evidencing any such debt or security arrangement.

14. In responding to the Trustee, Rebecca Griffin has indicated that she is not aware of any debt owed by the Debtor except as disclosed in the schedules of the Debtor. Further, she is not aware of any security agreements between the Debtor and Silverline regarding any accounts of the Debtor, and produced no documentation regarding the same.

## Count I
## Determination of Validity, Priority, or Extent of Lien

15. The Trustee incorporates by reference the allegations of paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16. Based upon the investigation and analysis of the Trustee, the Trustee has concluded that there is no underlying agreement between the Debtor and Silverline under which the Debtor granted a security interest to Silverline in any accounts owed to the Debtor. No such documentation exists.

17. The facts further show that Silverline does not have a lien claim against the Property or any other property of the Bankruptcy Estate.

18. The Trustee seeks from this Court entry of an Order adjudicating that Silverline holds no lien claims against the Property or any other property of the Bankruptcy Estate.

4

510542

**Count II**
**Avoidance and Recovery of Transfers Under 11 U.S.C. §§ 544 and 550**

19. The Trustee incorporates by reference the allegations of Paragraph 1 through 18 of this Complaint as if fully set forth herein.

20. At the time of the recording of the Financing Statement, the name of the Debtor was Wastetech LLC. The name of the Debtor had been changed from NTC Waste Group, LLC to Wastetech LLC by virtue of a filing with the Georgia Secretary of State on July 7, 2017.

21. If Silverline did enter into a security agreement with the Debtor under which the Debtor granted to Silverline a security interest in and to the Property or any other property of the Bankruptcy Estate, the entry into any such security agreement would have given rise to a transfer of property by the Debtor to Silverline. If Silverline purported to perfect the security interest in the Property by recording the Financing Statement, then the recordation of the Financing Statement would give rise to a transfer of a property by the Debtor to Silverline. The Trustee will reference the transfers described in this paragraph as the "**Transfers**."

22. As of the Petition Date, a search through the Coweta County Superior Court Clerk's office using the correct name of the Debtor would not have revealed the Financing Statement.

23. The name that Silverline used in the Financing Statement was not a legally sufficient name of the Debtor under Georgia law, and thus failed to meet the Georgia recording requirements for UCC-1 financing statements.

24. Accordingly, the Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. § 544, and to recover the same from Silverline under 11 U.S.C. § 550.

5

510542

**Count III**
**Preservation of Avoided Transfers Under 11 U.S.C. §551**

25.     The Trustee incorporates by reference the allegations of Paragraph 1 through 24 of this Complaint as if fully set forth herein.

26.     The avoided Transfers are preserved for the benefit of the Bankruptcy Estate under 11 U.S.C. § 551.

27.     To the extent that this Court avoids the Transfers, the Trustee stands in the shoes of Silverline with respect to those interests, which will preserve for the benefit of the Bankruptcy Estate, and the Trustee becomes the holder of the secured position that might otherwise be held by Silverline in and to the Property.

WHEREFORE, Plaintiff prays that the Court enter judgment as follows for the Plaintiff:

(a)     On Count I, adjudicating the validity, priority, and extent of any liens of Defendant in and to the property of the Bankruptcy Estate and determining that the Defendant has no lien claim in any amount against the Property or any other property of the Bankruptcy Estate;

(b)     Adjudicating that Silverline is an unsecured creditor to the extent that it is owed any obligation by the Debtor and that any interest of Silverline in and to the Property or any other property of the Bankruptcy Estate is inferior to the interest of the Trustee;

(c)     On Count II, avoiding the Transfers and the interest of Silverline as a secured creditor in the Property or any other property of the Bankruptcy Estate;

(d)     On Count III, preserving for the benefit of the Bankruptcy Estate the avoided Transfers;

510542

(d) Awarding costs to the Plaintiff; and

(e) Granting to the Plaintiff such other and further relief as may be just and proper.

Respectfully submitted this 9th day of April, 2018.

                                                        LAMBERTH, CIFELLI, ELLIS &
NASON, P.A.
Attorneys for the Trustee

/s/ J. Michael Lamberth
J. Michael Lamberth
Georgia Bar No. 431975
MLamberth@lcenlaw.com

/s/ Preston M. Mueller
Preston M. Mueller
Georgia Bar No. 189338
PMueller@lcenlaw.com

1117 Perimeter Center West, Suite W212
Atlanta, GA  30338
Phone: (404) 262-7373

7

510542

**EXHIBIT "A" FOLLOWS**

8

510542

Control Number : 16068708

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
313 West Tower
2 Martin Luther King, Jr. Dr.
Atlanta, Georgia 30334-1530

## CERTIFICATE OF AMENDMENT
### NAME CHANGE

I, Brian P. Kemp, the Secretary of State and the Corporation Commissioner of the State of Georgia, hereby certify under the seal of my office that

**NTC Waste Group, LLC**
a **Domestic Limited Liability Company**

has filed articles/certificate of amendment in the Office of the Secretary of State on 07/05/2017 changing its name to

**Wastetech LLC**
a **Domestic Limited Liability Company**

and has paid the required fees as provided by Title 14 of the Official Code of Georgia Annotated. Attached hereto is a true and correct copy of said articles/ certificate of amendment.

WITNESS my hand and official seal in the City of Atlanta
and the State of Georgia on 07/07/2017



Brian P. Kemp
Secretary of State

## ARTICLES OF AMENDMENT

## OF

## ARTICLES OF ORGANIZATION

## NTC WASTE GROUP, LLC

\* \* \* \* \* \*

NTC Waste Group, LLC (the "Company"), a Georgia company, amends its Articles of Organization as follows:

**FIRST:** The name of the Company is "NTC Waste Group, LLC"

**SECOND:** NTC Waste Group, LLC was organized on July 18, 2016 by filing Articles of Organization the Secretary of State of Georgia.

**THIRD:** The Company hereby adopts the following amendment to change the name of the Company. The new name of the Company is "Wastetech LLC".

**FOURTH:** The articles of amendment shall be effective upon the filing with the Secretary of State.

**IN WITNESS WHEREOF,** the Rebecca Griffin has executed and sealed these Articles of Amendment this ___1___ day of July, 2017.

Rebecca Griffin, Manager

2017 JUL -5 PM 3: 15

**EXHIBIT "B" FOLLOWS**

9

510542

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through April 6, 2018.

Selected Entity Name: SILVERLINE SERVICES INC.
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | SILVERLINE SERVICES INC. |
| **DOS ID #:** | 4780915 |
| **Initial DOS Filing Date:** | JUNE 26, 2015 |
| **County:** | NASSAU |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

SILVERLINE SERVICES INC.
1334 PENINSULA BLVD
SUITE 160
HEWLETT, NEW YORK, 11557

**Registered Agent**

NONE

This office does not record information regarding the names and addresses of officers, shareholders or directors of nonprofessional corporations except the chief executive officer, if provided, which would be listed above. Professional corporations must include the name(s) and address(es) of the

initial officers, directors, and shareholders in the
initial certificate of incorporation, however this
information is not recorded and only available by
viewing the certificate.

## *Stock Information

### # of Shares  Type of Stock  $ Value per Share

200            No Par Value

*Stock information is applicable to domestic business corporations.

### Name History

**Filing Date**  **Name Type**      **Entity Name**
JUN 26, 2015    Actual             SILVERLINE SERVICES INC.

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results  New Search

Services/Programs | Privacy Policy | Accessibility Policy | Disclaimer | Return to DOS Homepage | Contact Us

**EXHIBIT "C" FOLLOWS**

10

510542

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Corporation Service Company    1-800-858-5294

**B. E-MAIL CONTACT AT FILER (optional)**
SPRFiling@cscinfo.com

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)

1387 50083
Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

Filed In: Georgia
(Central Index - Coweta County)

FILED & RECORDED
Tuesday, November 14, 2017 10:21:56 AM
File Number: 038-2017-017749
Cindy G. Brown
Coweta County Clerk of Superior Court

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b)...

| 1a. ORGANIZATION'S NAME | NTC Waste Group, LLC | | | |
|---|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX | |
| 1c. MAILING ADDRESS: 103 E. Main Street | CITY: Woodstock | STATE: GA | POSTAL CODE: 30188 | COUNTRY: USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b)...

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | Silverline Services | | | |
|---|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX | |
| 3c. MAILING ADDRESS: 1334 Peninsula Blvd, Suite 160 | CITY: Hewlett | STATE: NY | POSTAL CODE: 11557 | COUNTRY: USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
Certain future receivables sold by said business seller and purchased by Crown Funding Group Inc., as buyer, pursuant to that certain purchase and sale of future receivables agreement between seller and purchaser dated 8/7/2017 (the "agreement")

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)  ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION** (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
1387 50083

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808